UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VICTOR M. ABARCA and MARIA G. ALVARADO,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.; AMERICAN HOME MORTGAGE ACCEPTANCE, INC.; POPE MORTGAGE & ASSOCIATES, INC.; PAUL N. POPE; and MESHAWN DAVIS,<br><br>    Defendants.<br>_____/ | NO. 2:10-cv-107 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS |

----oo0oo----

        Plaintiffs Victor M. Abarca and Maria G. Alvarado filed this action against defendants American Home Mortgage Servicing, Inc. ("AHMSI"), American Home Mortgage Acceptance, Inc., Pope Mortgage & Associates, Inc., Paul N. Pope, and Meshawn Davis, alleging eight state and federal claims relating to a loan they obtained to refinance their home in Yuba City.  (Docket No. 1.)

1

Plaintiffs asserted that the basis of the court's jurisdiction over the action was federal question jurisdiction, predicated on their claims for violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.

Soon after receiving plaintiffs' original Complaint, defendant AHMSI filed a motion to dismiss. (Docket No. 7.) Plaintiffs then filed a First Amended Complaint ("FAC") that no longer alleged any federal causes of action. (Docket No. 10.) Concurrently, plaintiffs filed a statement of non-opposition to AHMSI's motion to dismiss admitting a lack of subject matter jurisdiction and requesting dismissal without prejudice or, in the alternative, leave to amend. (Docket No. 9.) AHMSI in response filed a motion to dismiss plaintiffs's FAC. (Docket No. 11.) Plaintiffs do not oppose the motion (Docket No. 17.) and have filed their own motion to dismiss without prejudice for lack of subject matter jurisdiction. (Docket No. 16.) AHMSI opposes plaintiffs' motion to dismiss as moot in light of its own motion to dismiss currently pending, and requests that plaintiffs' FAC be dismissed with prejudice. (Docket No. 19.) Should the court decline to exercise supplemental jurisdiction over the state law claims, AHMSI requests that those claims be dismissed without prejudice. (Id.)

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th

2

1 Cir. 1997) ("[A] federal district court with power to hear state
2 law claims has discretion to keep, or decline to keep, them under
3 the conditions set out in § 1367(c)."). Factors for a court to
4 consider in deciding whether to dismiss supplemental state claims
5 include judicial economy, convenience, fairness, and comity.
6 <u>Imagineering, Inc. v. Kiewit Pac. Co.</u>, 976 F.2d 1303, 1309 (9th
7 Cir. 1992). "[I]n the usual case in which federal law claims are
8 eliminated before trial, the balance of factors . . . will point
9 toward declining to exercise jurisdiction over the remaining
10 state law claims." <u>Reynolds v. County of San Diego</u>, 84 F.3d
11 1162, 1171 (9th Cir. 1996) <u>overruled on other grounds by</u> <u>Acri</u>,
12 114 F.3d at 1000.

   Since plaintiffs have abandoned their federal claims and none of the parties have posed any extraordinary or unusual circumstances that would counsel against dismissal, the court will decline to exercise supplemental jurisdiction under § 1367(c)(3) as to the FAC's state law claims.

   IT IS THEREFORE ORDERED that plaintiffs' First Amended Complaint be, and the same hereby is, DISMISSED without prejudice.[1]

DATED:  June 17, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] AHMSI's and plaintiffs' motions to dismiss are therefore moot.